## Brennan v. Shipe, Appellant.

Argued October 10, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David C. Eaton,* with him *Wilhelm E. Shissler, Spencer R. Liverant,* and *Nauman, Smith, Shissler & Hall,* and *Liverant & Stewart,* for appellants.

*James W. Evans,* with him *Ronald M. Katzman,* and *Goldberg, Evans and Katzman,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 21, 1964:

This is an appeal from the dismissal of appellants' preliminary objections challenging their subjection to substituted service of process under the Pennsylvania Nonresident Motorist Act[1] in an action arising out of an automobile accident which occurred on a federal military reservation located in Pennsylvania.

Appellee alleges in his complaint that he was injured when struck by a motor vehicle driven by appellant Madge Shipe, who at the time of the accident was acting as the agent or employee of her husband, appellant Burdwell Shipe. The accident occurred in the New Cumberland General Depot which is located in York County. The land comprising the depot and exclusive jurisdiction thereover were ceded to the United States Government in 1937 by the Commonwealth of Pennsylvania.

At the time of the accident, both appellants were residents of Pennsylvania. Before service of process was made, however, appellants moved to Florida. Being thus unable to serve appellants personally in Pennsylvania, appellee, pursuant to the Nonresident Motorist Act, served the Secretary of the Commonwealth as the statutory agent of appellants and sent a copy of the complaint to appellants in Florida by registered mail. In the court below appellants contended that the application of the substituted service provisions of

---

[1] Act of May 14, 1929, P. L. 1721, §1 et seq., as amended, 75 P.S. §2001 et seq.

our Nonresident Motorist Act under the facts of this case was unconstitutional. The lower court overruled this objection and this appeal ensued.

Appellants assert that by virtue of Article I, §8 of the United States Constitution[2] the federal government possesses exclusive legislative jurisdiction over lands acquired from the states except as such jurisdiction is expressly reserved or delegated to the ceding state. They cite many authorities in support of this proposition. See, e.g., *Fort Leavenworth Railroad Co. v. Lowe,* 114 U.S. 525 (1885). Appellants contend that no exception has been made with regard to the New Cumberland Depot and hence Pennsylvania law cannot be constitutionally applied to the operation of motor vehicles within the depot.

We do not quarrel with appellants' recitation of the general effect of a state's cession to the federal government of land and exclusive jurisdiction thereover. It is equally true, however, that the creation of "a state within a state" produces considerable difficulties because of the legal vacuum which may result from the sudden disappearance of state law in the acquired area. See *Education of Children on Federal Lands,* 21 Pa. D. & C. 2d 310 (1960) (Opinion of the Attorney General); Note, *Federal Areas: The Confusion of a Jurisdictional-Geographical Dichotomy,* 101 U. Pa. L. Rev. 124 (1952). Accordingly, provision is often made for the retention of state law in the federal enclave either by an express reservation in the act of transfer or through remedial congressional legisla-

---

[2] "The Congress shall have Power . . . [t]o exercise exclusive Legislation in all Cases whatsoever, over such District . . . as may . . . become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-yards and other needful Buildings."

tion. See, e.g., *James v. Dravo Contracting Co.,* 302 U.S. 134 (1937); *Manlove v. McDermott,* 308 Pa. 384, 162 Atl. 278 (1932). In asserting that Pennsylvania law does not apply to an accident occurring within the depot appellants have overlooked just such a provision. The Act of Congress of February 1, 1928, reads as follows:

*"Action for death or personal injury within national park or other place under jurisdiction of United States; application of State laws*

"In the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be." (45 Stat. 54, 16 U.S.C. §457).

A reading of this statute clearly indicates that in the event of *death* of any person as a result of neglect or wrongful acts of another within a federal enclave, an action brought for the wrongful death shall exist as though the enclave were under the jurisdiction of the state in which it is located. Were this an action for wrongful death, this would conclude the matter before us. However, a literal reading of the statute indicates that where an action is brought to recover *for injuries sustained* in a federal enclave, Congress has directed that the laws of the state within which the enclave is located shall govern the rights of the parties. There is no apparent reason why actions for injuries must receive different treatment from those

brought for wrongful death. We could therefore interpret the federal act to have contemplated no such distinction. It is not necessary for us to do so, however, for the Pennsylvania Nonresident Motorist Act is clearly a law of Pennsylvania which by its own terms governs "the rights of the parties" in an "action brought to recover on account of injuries sustained in" a federal enclave located "within the exterior boundaries" of Pennsylvania.

The Pennsylvania Nonresident Motorist Act provides that a nonresident, or a resident who subsequently becomes a nonresident, appoints the Secretary of the Commonwealth as his agent to accept service of process for accidents or collisions "occurring within the Commonwealth." Does the phrase "within the Commonwealth" embrace land within the geographical boundaries of Pennsylvania which has been ceded to the federal government? We were confronted with a very similar question in *Kiker v. Philadelphia,* 346 Pa. 624, 31 A. 2d 289 (1943). In that case the City of Philadelphia sought to tax employees of the Philadelphia Navy Yard, a federal enclave, on the basis of an ordinance providing for a general tax on certain income earned "in Philadelphia". An Act of Congress permitted the taxation of income earned in federal enclaves. The plaintiff argued that the phrase "in Philadelphia" excluded the federal enclave because the latter was not within Philadelphia. We rejected this contention stating that the phrase was obviously intended to include all territory located within the geographical limits of Philadelphia. Similarly, the words "within the Commonwealth" in the Nonresident Motorist Act were intended to encompass all territory within the geographical borders of Pennsylvania and this would include any federal enclave located therein. Thus, the court below correctly upheld the use of sub-

stituted service of process to obtain jurisdiction over appellants and the order appealed from is affirmed.[3]

Order affirmed.

---

[3] In the Act ceding the land in question to the federal government, the Commonwealth reserved concurrent jurisdiction "in so far that civil process in all cases . . . may be executed thereon in the same way and manner as if this jurisdiction had not been ceded." (Act of July 1, 1937, P. L. 2656, §2, 74 P.S. §86.) Appellee contends that this reservation not only includes personal service within the federal area, but also authorizes substituted service for acts occurring within the enclave. Because of the disposition we make, we need not consider this argument.